## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| FRIENDSHIP VILLAGE OF | § | Case No.: 17-12470 |
| MILL CREEK, NFP, d/b/a | § | |
| GREENFIELDS OF GENEVA, | § | |
| | § | Hearing: April 26, 2017 |
| FEIN: 20-3300991, | § | 1:30 p.m. |
| | § | |
| Debtor. | § | |
| | § | Hon. LaShonda A. Hunt |

### NOTICE OF MOTION OF DEBTOR'S MOTION FOR ENTRY OF ORDER (I) AUTHORIZING CONTINUED USE OF EXISTING CASH MANAGEMENT SYSTEM, (II) AUTHORIZING MAINTENANCE OF EXISTING (II)BANK ACCOUNTS AND EXISTING BUSINESS FORMS, AND (III) WAIVING CERTAIN INVESTMENT AND DEPOSIT REQUIREMENTS

Please take notice that on Wednesday, April 26, 2017 at 1:30 p.m., we will appear before the Honorable LaShonda A. Hunt, Judge of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, at the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Courtroom 719, Chicago, IL 60604, or such other judge as may be sitting in Judge LaShonda Hunt's place and stead, and then and there present the "DEBTOR'S MOTION FOR ENTRY OF ORDER (I) AUTHORIZING CONTINUED USE OF EXISTING CASH MANAGEMENT SYSTEM, (II) AUTHORIZING MAINTENANCE OF EXISTING (II) BANK ACCOUNTS AND EXISTING BUSINESS FORMS, AND (III) WAIVING CERTAIN INVESTMENT AND DEPOSIT REQUIREMENTS", a copy of which is attached hereto and is hereby served upon you.

Dated: April 21, 2017

**Friendship Village of Mill Creek, NFP, d/b/a GreenFields of Geneva**

By: /s/     Bruce Dopke
One of its attorneys

Bruce Dopke, Member (ARDC # 3127052)
Ronald A. Damashek (ARDC # 6183820)
Kevin V. Hunt (ARDC# 6283126)
Melissa J. Lettiere (ARDC # 6291738)
Stahl Cowen Crowley Addis LLC
55 W. Monroe Street, Suite 1200, Chicago, IL 60603
Tel: 312-641-0060, Fax: 312-423-8188
email: bdopke@stahlcowen.com
email: rdamashek@stahlcowen.com
email: khunt@stahlcowen.com
email: mlettiere@stahlcowen.com

## CERTIFICATE OF SERVICE

I, Robert Rotman, being over the age of 18 yrs, and am an employee of Donlin Recano & Company, Inc. hereby certify that I caused to be served a complete and accurate copy of the **"DEBTOR'S MOTION FOR ENTRY OF ORDER (I) AUTHORIZING CONTINUED USE OF EXISTING CASH MANAGEMENT SYSTEM, (II) AUTHORIZING MAINTENANCE OF EXISTING BANK ACCOUNTS AND EXISTING BUSINESS FORMS, AND (III) WAIVING CERTAIN INVESTMENT AND DEPOSIT REQUIREMENTS"** via Federal Express Priority Overnight delivery upon the parties as set forth in Exhibit 1; and via USPS Express Mail Overnight upon the parties as set forth in Exhibit 2.

By _____

Robert Rotman

Sworn before me this
21st day of April, 2017

_____
Notary Public

SUNG JAE KIM
NOTARY PUBLIC STATE OF NEW YORK
QUEENS COUNTY
LIC. #01KI6211176
COMM. EXP. September 14, 2017

# EXHIBIT 1

**Friendship Village of Mill Creek, NFP**
**Federal Express**
**Exhibit Page**

04/20/2017 12:36:28 PM

| | | | |
|---|---|---|---|
| 000037P001-1366S-002<br>CENTERPOINT ENERGY<br>23968 NETWORK PLACE<br>CHICAGO IL 60673-1239 | 000023P001-1366S-002<br>DUANE MORRIS<br>PAYMENT PROCESSING CHARLIE LEWIS<br>30 SOUTH 17TH ST<br>PHILADELPHIA PA 19103-4196 | 000022P001-1366S-002<br>GREYSTONE DEVELOPMENT CO<br>BRAD STRAUB<br>225 E JOHN CARPENTER FWY<br>STE 700<br>IRVING TX 75062 | 000012P001-1366S-002<br>ILLINOIS DEPARTMENT OF HUMAN SERVICES<br>JAMES T. DIMAS SECRETARTY<br>401 SOUTH CLINTON STREET<br>CHICAGO IL 60607 |
| 000010P001-1366S-002<br>ILLINOIS DEPARTMENT OF REVENUE<br>JAMES R. THOMPSON CTR.  CONCOURSE LEVEL<br>100 WEST RANDOLPH ST.<br>CHICAGO IL 60601-3274 | 000016P001-1366S-002<br>ILLINOIS DEPT. OF FINANCIAL AND PROFESSIONAL REGUL<br>100 WEST RANDOLPH ST.<br>9TH FLOOR<br>CHICAGO IL 60601 | 000017P001-1366S-002<br>ILLINOIS DEPT. OF PUBLIC HEALTH<br>122 S. MICHIGAN AVENUE<br>7TH AND 20TH FLOORS<br>CHICAGO IL 60603 | 000018P001-1366S-002<br>ILLINOIS DEPT. OF PUBLIC HEALTH<br>69 W. WASHINGTON STREET<br>35TH FLOOR<br>CHICAGO IL 60602 |
| 000013P001-1366S-002<br>ILLINOIS FINANCE AUTHORITY<br>CHRISTOPHER B. MEISTER, EXECUTIVE DIR.<br>160 N. LASALLE ST.<br>SUITE S-1000<br>CHICAGO IL 60601 | 000005P001-1366S-002<br>Illinois Student Assistance Commission<br>Bankruptcy Department<br>1755 Lake Cook Road<br>Deerfield IL 60015 | 000014P001-1366S-002<br>MEDICAID & MEDICARE SERVICES<br>7500 SECURITY BLVD.<br>BALTIMORE MD 21244 | 000015P001-1366S-002<br>MEDICAID & MEDICARE SERVICES<br>233 NORTH MICHIGAN AVENUE<br>SUITE 600<br>CHICAGO IL 60601 |
| 000004P001-1366S-002<br>Michigan Department of Treasury<br>Tax Policy Division<br>Attn: Litigation Liaison<br>2nd Floor Austin Building<br>430 West Allegan Street<br>Lansing MI 48922 | 000019P001-1366S-002<br>Mintz, Levin, Cohn, Ferris, et al.<br>Attn: Daniel S. Bleck, Esq<br>One Financial Center<br>Boston MA 02111 | 000029P001-1366S-002<br>NAME INTENTIONALLY OMITTED<br>507 BRADBURY<br>GENEVA IL 60134 | 000030P001-1366S-002<br>NAME INTENTIONALLY OMITTED<br>623 INDEPENDENCE AVE<br>ELBURN IL 60119 |
| 000031P001-1366S-002<br>NAME INTENTIONALLY OMITTED<br>43W950 KENMAR DRIVE<br>ELBURN IL 60119 | 000032P001-1366S-002<br>NAME INTENTIONALLY OMITTED<br>1S316 REVERE HOUSE LANE<br>GENEVA IL 60134-4806 | 000007P001-1366S-002<br>OFFICE OF THE UNITED STATES TRUSTEE<br>ADAM BRIEF<br>219 S. DEARBORN ST.<br>ROOM 873<br>CHICAGO IL 60604 | 000008P001-1366S-002<br>U. S. ATTORNEY NORTHERN DISTRICT OF ILLINOIS<br>JOEL R. LEVIN<br>219 DEARBORN ST.<br>5TH FLOOR<br>CHICAGO IL 60604 |
| 000009P001-1366S-002<br>U. S. ATTORNEY NORTHERN DISTRICT OF ILLINOIS<br>JOEL R. LEVIN<br>327 CHURCH ST.<br>ROOM 3300<br>ROCKFORD IL 61101 | 000011P001-1366S-002<br>U.S. DEPT. OF HEALTH AND HUMAN SERVICES<br>200 INDEPENDENCE AVE. S.W.<br>WASHINGTON DC 20201 | 000006P002-1366S-002<br>United States Environmental Protection Agency<br>Richard L. Nagle, Bktcy. Contact<br>US EPA Region 5<br>Mail Code C-14J<br>Chicago IL 60604 | |

**Friendship Village of Mill Creek, NFP**
**Federal Express**
**Exhibit Page**

Page # : 1 of 1                                                                04/20/2017 12:35:12 PM

| | |
|---|---|
| 000003P001-1366A-002 | 000002P001-1366A-002 |
| ELK GROVE VILLAGE BANK AND TRUST | SCHAUMBURG BANK AND TRUST |
| 1145 N ARLINGTON HEIGHTS RD | 350 W SCHAUMBURG RD |
| ITASCA IL 60143 | SCHAUMBURG IL 60194 |

Records Printed :              **2**

**Friendship Village of Mill Creek, NFP**
**Federal Express**
**Exhibit Page**

Page # : 1 of 1                                                                                                04/20/2017 12:33:46 PM

000320P002-1366A-002
DUANE MORRIS
PAYMENT PROCESSING CHARLIE LEWIS
30 SOUTH 17TH ST
PHILADELPHIA PA 19103-4196

000004P001-1366A-002
KANE COUNTY TREASURER
DAVID J RICKERT
719 SOUTH BATAVIA AVE
GENEVA IL 60134

000004S001-1366A-002
KANE COUNTY TREASURER
Kane County State's Attorney's office
37W777 Route 38
SUITE 300
ST. CHARLES IL 60175

000004S002-1366A-002
KANE COUNTY TREASURER
Illinois Attorney General
Lisa Madigan
100 West Randolph Street
CHICAGO IL 60601

000005P001-1366A-002
UMB BANK NA
VIRGINIA A HOUSUM
SENIOR VICE PRESIDENT
120 SIXTH ST SOUTH
STE 1400
MINNEAPOLIS MN 55403

Records Printed :                    **5**

# EXHIBIT 2

**Friendship Village of Mill Creek, NFP**
**USPS Express Mail**
**Exhibit Page**

000039P001-1366S-002
AT&T
BILL PAYMENT CENTER
PO BOX 5080
CAROL STREAM IL 60197

000003P001-1366S-002
Department of the Treasury
Internal Revenue Service
PO Box 7346
Philadelphia PA 19101

000001P001-1366S-002
Illinois Department of Employment Security
Benefit Payment Control Division
PO Box 4385
Chicago IL 60680-

000002P001-1366S-002
Illinois Department of Revenue
Bankruptcy Unit
PO Box 19035
Springfield IL 62794

000035P001-1366S-002
MEDIACOM LLC
PO BOX 5744
CAROL STREAM IL 60197

000033P001-1366S-002
MIDAMERICAN ENERGY COMPANY
PO BOX 8019
DAVENPORT IA 52808

000034P001-1366S-002
MILL CREEK WATER DIST
PO BOX 4290
CAROL STREAM IL 60197

000036P001-1366S-002
REPUBLIC
PO BOX 9001154
LOUISVILLE KY 40290

000038P001-1366S-002
VERIZON WIRELESS
PO BOX 25505
LEHIGH VALLEY PA 18002

Records Printed :          **9**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| FRIENDSHIP VILLAGE OF | § | Case No.: 17-12470 |
| MILL CREEK, NFP, d/b/a | § | |
| GREENFIELDS OF GENEVA, | § | |
| | § | |
| FEIN: 20-3300991, | § | |
| | § | |
| Debtor. | § | Hon. LaShonda A. Hunt |

**DEBTOR'S MOTION FOR ENTRY OF ORDER (I) AUTHORIZING
CONTINUED USE OF EXISTING CASH MANAGEMENT SYSTEM,
(II) AUTHORIZING MAINTENANCE OF EXISTING BANK
ACCOUNTS AND EXISTING BUSINESS FORMS, AND (III) WAIVING
CERTAIN INVESTMENT AND DEPOSIT REQUIREMENTS**

Friendship Village of Mill Creek, NFP, d/b/a GreenFields of Geneva (the "Debtor"),

debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Case"), respectfully

states as follows in support of this motion (the "Motion") requesting an order from this Court

(the "Bankruptcy Court"): (A) authorizing the continued use of the Debtor's cash management

system, (B) authorizing maintenance of existing bank accounts and existing business forms, and

(C) waiving certain investment and deposit requirements.

**Background**

1.      The Debtor owns and operates a continuing care retirement community

("CCRC"), located in Geneva, Illinois, known as GreenFields of Geneva (the "Campus"). The

Campus is improved with a building which includes (i) 147 independent living units, (ii) 51

assisted living units, (iii) 26 memory support assisted living units, (iv) 43 nursing beds, and (v)

related common areas and parking. Approximately 270 senior citizens reside at the Campus.

2.      The Debtor filed this Case on April 20, 2017 (the "Petition Date"). The Debtor is continuing in possession of the Campus and is operating and managing its business as a debtor-in-possession, pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner in this Case, and no committees have been appointed or designated.

3.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of these proceedings and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested herein are sections 105, 345, 363, 364, 503, 553, 1107, and 1108 of the Bankruptcy Code and Bankruptcy Rule 6003.

**Relief Requested**

5.      By this Motion, the Debtor seeks the entry of an interim (the "Interim Order") and final order (the "Final Order"), substantially in the forms attached hereto as **Exhibit A** and **Exhibit B**:

   a.      Authorizing the Debtor's continued use of their cash management system (the "Cash Management System");

   b.      authorizing but not directing continued use of the Debtor's: (i) existing bank accounts (the "Bank Accounts") (as well as authorizing the Debtor to open and close new bank accounts as appropriate); and (ii) existing business forms and checks (the "Business Forms"); [1]

---

[1]      Under the master trust indenture and the trust indenture related to the bonds issued to benefit GreenFields, UMB Bank, National Association as successor master trustee and successor indenture trustee (together, the "Bond Trustee") holds various accounts for the benefit of, and in trust for, the holders of the bonds, including but not limited to, an operating reserve fund and a debt service reserve fund. Nothing in this motion shall be considered a request to use or access any funds held by the Bond Trustee.

c.  authorizing and directing the Debtor's banks (the "Banks") to continue to maintain, service, and administer the Bank Accounts and to debit the Bank Accounts in the ordinary course of business; and

d.  waiving the requirements of the U.S. Trustee Guidelines (as defined herein) and section 345(b) of the Bankruptcy Code (as defined herein) and excusing the Debtor from compliance therewith.

**Facts Specific to Relief Requested**

## I.   The Cash Management System

6.   In the ordinary course of business, the Debtor uses the Cash Management System to efficiently collect, transfer, and disburse funds generated by the Debtor's business operations. The Cash Management System facilitates the Debtor's cash monitoring, forecasting, and reporting, and enables the Debtor to maintain control of the Bank Accounts. The Debtor accurately records all collections, transfers, and disbursements made through the Cash Management System as they are made.

7.   Before the Petition Date, the Debtor maintained the following two prepetition Bank Accounts:

a.  Elk Grove Village Bank & Trust Escrow Account. This account at Elk Grove Village Bank & Trust (ending in -9372) is used as an escrow account to hold entrance fee deposits which the Debtor received from certain residents of the Campus.   The balance in the Escrow Account as of April 20, 2017 was $366,600.00.

b.  Schaumburg Bank & Trust Company, N.A. Operating Account. Debtor maintains its primary Operating Account at Schaumburg Bank & Trust Company, N.A. (account ending in 0210). This account is funded from operating revenues of the Campus.   Funds are used to make payments to vendors, employees and other operating expenses, including the payment of entrance fee refund obligations. The balance in the operating account as of April 20, 2017 was $2,045,536.98.

8.   Each of the Debtor's Bank Accounts complies with section 345(b) of the Bankruptcy Code because the Bank Accounts are maintained at Banks that are insured by federal agencies or are otherwise backed by the full faith and credit of the United States.

9.      To minimize expenses to the Debtor's estate and avoid the unnecessary—and potentially detrimental—establishment of a new cash management system comprised of new bank accounts, the Debtor respectfully requests that the Court allow it to continue to use its existing Bank Accounts as they were in use immediately before the Petition Date.

## II.      The Debtor's Existing Business Forms

10.      The Debtor uses a variety of preprinted Business Forms (including checks, letterhead and correspondence forms, purchase orders, credit and purchase cards, and invoices) in the ordinary course of business. The Debtor also maintains books and records to document their financial results and a wide array of necessary operating information (collectively, the "Books and Records"). To minimize expenses to the Debtor's estate and avoid unnecessarily confusing their employees, customers, vendors, and other commercial counterparties, the Debtor respectfully requests that the Court allow it to continue to use all of its Business Forms and Books and Records in use immediately before the Petition Date — without reference to the Debtor's status as chapter 11 Debtor in possession — rather than requiring the Debtor to incur the expense and delay of ordering new Business Forms and creating new Books and Records.

## Basis for Relief

## A.      The Continued Use of the Cash Management System, Including the Bank Accounts, Is Essential to the Debtor's Operations and Restructuring Efforts

11.      The U.S. Trustee Guidelines generally require a debtor in possession to close all prepetition bank accounts and open new debtor in possession bank accounts. In addition, the U.S. Trustee may seek to require a debtor in possession to maintain separate accounts for general expenses, payroll, and tax escrows. These requirements are designed to provide a clear line of demarcation between prepetition and postpetition claims and payments and to protect against a debtor's inadvertent payment of prepetition claims.

12.     The continuation of the Cash Management System is nevertheless permitted pursuant to section 363(c)(1) of the Bankruptcy Code, which authorizes the debtor in possession to "use property of the estate in the ordinary course of business without notice or a hearing." 11 U.S.C. § 363(c)(1). Bankruptcy courts routinely treat requests for authority to continue utilizing existing cash management systems as a relatively "simple matter." *In re Baldwin-United Corp.*, 79 B.R. 321, 327 (Bankr. S.D. Ohio 1987).

13.     Accordingly, the Debtor respectfully requests that the Court authorize the continued use of the existing Cash Management System to facilitate the Debtor's transition into chapter 11. Specifically, the Debtor respectfully request that the Court authorize the Banks to continue to maintain, service, and administer the Bank Accounts as accounts of the Debtor as Debtor in possession, without interruption and in the ordinary course of business, irrespective of whether such Bank Accounts are held at Banks identified by the U.S. Trustee as authorized depository institutions. The Debtor further respectfully request that the Court authorize and direct the Banks to receive, process, honor, and pay any and all checks, wire transfers, credit cards, ACH payments and other instructions, and drafts payable through, drawn, or directed on such Bank Accounts after the Petition Date by holders, makers, or other parties entitled to issue instructions with respect thereto, irrespective of whether such checks, drafts, wires, credit card, or ACH payments are dated prior to or subsequent to the Petition Date. The Debtor also respectfully requests that, to the extent a Bank honors a prepetition check or other item drawn on any account that is the subject of this Motion, either at the direction of the Debtor or in a good-faith belief that the Court has authorized such prepetition check or item to be honored, such Bank will not be deemed liable to the Debtor or to its estate on account of such prepetition check or other item honored postpetition. Such relief is reasonable and appropriate because the Banks are

not in a position to independently verify or audit whether the Debtor may pay a particular item in accordance with a Court order or otherwise.

14.     The Debtor notes that under the facts of this case, post-petition payment of any pre-petition obligations will be minimal, if any. First, the Debtor informed its creditors prior to the bankruptcy of the pending filing and indicated that they should cash any pre-petition checks before the Petition Date. In addition, the Debtor's last check run prior to Petition Date was made with cashiers' checks, all of which were delivered. Moreover, the employees who work at GreenFields are not directly employed by the Debtor, but rather are directly employed by the Debtor's corporate manager, Friendship Senior Options NFP ("FSO"). FSO is not likely to hold a claim against the Debtor relating to the employees that work at GreenFields, because it holds a deposit from the Debtor to secure its right to recover such costs.

15.     Finally, the Debtor respectfully requests that the Court authorize the Debtor to continue to pay the Banks the certain service charges and other fees, costs, and expenses that the Banks charge in the ordinary course of business (collectively, the "Bank Fees") and further authorize the Banks to chargeback returned items to the Bank Accounts, whether such items are dated prior to, on, or subsequent to the Petition Date, in the ordinary course of business. The Debtor further respectfully requests that the Court order that liens on any of the Bank Accounts granted to creditors will not have priority over the Bank Fees of the respective Bank at which the Bank Account is located.

16.     In other chapter 11 cases, courts in this and other districts often waive the U.S. Trustee Guidelines' requirement that Debtor establish new postpetition cash management systems, recognizing that they may harm a debtor's postpetition business operations and restructuring efforts to an extent that is out of proportion to the benefit, if any, the requirements

afford the debtor's estate or parties in interest. *See, e.g., In re ITR Concession Company, LLC*, No. 14-34284 (PSH) (Bankr. N.D. Ill. Sep. 21, 2014) (authorizing Debtor to maintain existing cash management system, irrespective of whether banks were designated as authorized depositories by U.S. Trustee); *In re XMH Corp. 1 (f/k/a Hartmarx Corp.)*, No. 09-02046 (BWB) (Bankr. N.D. Ill. Jan. 26, 2009) (same); *In re McLeodUSA Inc*., No. 05-63229 (JHS) (Bankr. N.D. Ill Oct. 31, 2005) (same); *In re UAL Corp*., No. 02-48191 (ERW) (Bankr. N.D. Ill. Dec. 9, 2002) (same); *In re Nat' l Steel Corp*., No. 02-08699 (JHS) (Bankr. N.D. Ill. Mar. 6, 2002) (same); *In re Kmart Corp*., No. 02-02474 (SPS) (Bankr. N.D. Ill. Jan. 25, 2002) (same); *In re Comdisco*, Inc., No. 01-24795 (RB) (Bankr. N.D. Ill. July 17, 2001) (same); *In re Outboard Marine Corp*., No. 00-37405 (JETS) (Bankr. N.D. Ill. Jan. 4, 2001) (same).

**B.      The Court Should Authorize the Debtor to Continue Using the Business Forms**

17.      The Debtor submits that the continued use of the Business Forms substantially in the forms existing immediately before the Petition Date will not prejudice parties in interest and submits that such relief will avoid unnecessary expenses and administrative delays at this critical time. Furthermore, the Debtor's requested relief will not prejudice parties in interest because parties doing business with the Debtor undoubtedly will know of the Debtor's status as Debtor in possession and, thus, changing business forms is unnecessary and unduly burdensome. In other large cases, courts in this and other districts have allowed debtors to use their prepetition business forms without the "debtor in possession" label. *See e.g. See, e.g., In re Timothy Place, NFP*, Case No. 16-1336 (JPC) (Bankr. N.D. Ill. Feb 17, 2016); *In re ITR Concession Company, LLC*, No. 14-34284 (PSET) (Bankr. N.D. Ill. Sep. 21, 2014); *In re Bridgeview Aerosol, LLC*, No. 09-41021 (PSET) (Bankr. N.D. Ill. Nov. 2, 2009*); In re XMH Corp. 1 (f/k/a Hartmarx Corp*.), No. 09-02046 (BWB) (Bankr. N.D. Ill. Jan. 26, 2009); *In re Neumann Homes, Inc*., No. 07-20412 (ERW) Bankr. N.D. Ill. Nov. 6, 2007); *In re McLeodUSA Inc*., No. 05-63230 (JETS)

(Bankr. N.D. Ill Oct. 31, 2005); *In re UAL Corp*., No. 02-48191 (ERW) (Bankr. N.D. Ill. Dec. 9,

2002); *In re Nat' l Steel Corp*., No. 02-08699 (JETS) (Bankr. N.D. Ill. Mar. 6, 2002); *In re*

*Kmart Corp*., No. 02-02474 (SPS) (Bankr. N.D. Ill. Jan. 25, 2002); *In re Comdisco Inc*., No. 01-

24795 (RB) (Bankr. N.D. Ill. July 17, 2001); *In re Outboard Marine Corp*., No. 00-37405

(JETS) (Bankr. N.D. Ill. Jan. 4, 2001); see also *In re Levitt & Sons, LLC*, No. 07-19845 (Bankr.

S.D. Fla. Nov. 14, 2007); *In re Dura Auto. Sys., Inc*., No. 06-11202 (Bankr. D. Del. Nov. 21,

2006); *In re Calpine Corp*., No. 05-60200 (Bankr. S.D.N.Y. Jan. 25, 2006).

**C.    Cause Exists to Waive Section 345 of the Bankruptcy Code**

18.    The Debtor believes that their use of the Bank Accounts substantially conforms to

the approved deposit and investment practices identified in section 345 of the Bankruptcy Code

and that all deposits and investments into the Bank Accounts are safe, prudent, and designed to

yield the maximum reasonable net return on the funds invested. Nonetheless, out of an

abundance of caution, to the extent that such deposits do not conform to the approved practices

identified in section 345 of the Bankruptcy Code, the Debtor seeks a waiver of such

requirements.

19.    Section 345(a) of the Bankruptcy Code authorizes a debtor in possession to

deposit or invest money of the estates, such as cash, as "will yield the maximum reasonable net

return on such money, taking into account the safety of such deposit or investment." 11 U.S.C. §

345(a). While section 345(b) of the Bankruptcy Code generally requires that, with respect to

investments other than investments "insured or guaranteed by the United States or by a

department, agency, or instrumentality of the United States or backed by the full faith and credit

of the United States," the estate must require a bond in favor of the United States secured by the

undertaking of a U.S. Trustee approved corporate surety, section 345(b) of the Bankruptcy Code

also allows the court to dispense with this limitation "for cause." 11 U.S.C. § 345(b); see I*n re*

*Service Merch. Co.*, 240 B.R. 894, 897 (Bankr. M.D. Tenn. 1999) (concluding that "cause" existed to waive the requirements of section 345 because the Debtor were "large, sophisticated [companies] with a complex cash management system," and the benefit of waiving the requirements of section 345(b) far outweighed any potential harm to the estate, and "would 'needlessly handcuff' [the] Debtor's reorganization efforts").

20.     Various courts in this district have granted relief similar to that requested herein. *See, e.g., In re Timothy Place, NFP*, Case No. 16-1336 (JPC) (Bankr. N.D. Ill. Feb 17, 2016); *In re ITR Concession Company, LLC*, No. 14-34284 (PSH) (Bankr. N.D. Ill. Sep. 21, 2014); *In re Corus Bankshares, Inc.*, No. 10-26881 (PSH) (Bankr. N.D. Ill. July 9, 2010*); In re Kimball Hill, Inc.*, No. 08-10095 (SPS) (Bankr. N.D. Ill. May 13, 2008); *In re Enesco Group, Inc.*, No. 07-00565 (ABG) (Bankr. N.D. Ill. Jan. 22, 2007); *In re UAL Corp.*, No. 02-48191 (ERW) (Bankr. N.D. Ill. Dec. 9, 2002); *In re Dade Behring Holdings, Inc.*, No. 02-29020 (BWB) (Bankr. N.D. Ill. Aug. 1, 2002); *In re Kmart Corp.*, No. 02-02474 (SPS) (Bankr. N.D. Ill. Jan. 25, 2002). The Debtor respectfully submits that such relief is warranted in this chapter 11 case.

**D.     The Requirements of Bankruptcy Rule 6003 Are Satisfied**

21.     Under Bankruptcy Rule 6003, the Court may grant the relief requested in this Motion because such relief is necessary to avoid immediate and irreparable harm. Fed. R. Bankr. P. 6003.

22.     Specifically, authorizing the Debtor to maintain the Cash Management System and granting the other relief requested herein is integral to the Debtor's ability to stabilize operations after the commencement of this chapter 11 case. Failure to receive such authorization and other relief during the first 21 days of this chapter 11 case would severely disrupt the Debtor's operations at this critical juncture. The relief requested is necessary in order for the Debtor to operate its business in the ordinary course and preserve the ongoing value of the

Debtor's operations and maximize the value of its estate for the benefit of all stakeholders. Accordingly, the Debtor submits that it have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 to support granting the relief requested herein.

**E.    Satisfaction of Bankruptcy Rule 6004(a) and Waiver of Bankruptcy Rule6004(h)**

23.    To implement the foregoing successfully, the Debtor respectfully request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtor have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

**Notice**

24.    No trustee, examiner or official committee has been appointed in this chapter 11 case. Notice of this Motion has been served on the following parties or, in lieu thereof, to their counsel, if known: (i) the United States Trustee for the Northern District of Illinois; (ii) the United States Attorney for the Northern District of Illinois; (iii) counsel for the  Bond Trustee; (iv) the Debtor's secured creditors; (v) the Internal Revenue Service; (vi) the Illinois Department of Revenue; (vii) the United States Department of Health and Human Services; (viii) the Illinois Department of Human Services; (ix) the Illinois Finance Authority; (x) the Centers for Medicare and Medicaid Services; (xi) the Illinois Department of Financial and Professional Regulation; (xii) the Illinois Department of Public Health; (xiii) the holders of the twenty largest unsecured claims against the Debtor; and (xiv) those who have formally appeared and requested service in these proceedings pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtor submit that no other or further notice need be given.

**No Prior Request**

25.    No prior request for the relief sought in the Motion has been made to this or any other Court.

WHEREFORE, the Debtor respectfully requests that this Court grant to the Debtor (a) the relief requested in this Motion (including as **Exhibit A** and **Exhibit B**) attached hereto and in the Proposed Order(s) which were electronically filed with the Clerk in connection with this Motion, including all substantive and procedural relief requested in those documents; (b) to the extent required, that the Court shorten and restrict the notice of the initial hearing on this Motion to the date and time (and to the parties) who received such notice of the initial hearing, as reflected in the certificate of service to the notice of motion which is appended hereto; and (c) for such other relief as the Court deems appropriate under the circumstances.

Dated: April 21, 2017

FRIENDSHIP VILLAGE OF MILL CREEK, NFP, Debtor and Debtor In Possession

By: /s/          Bruce Dopke
Proposed counsel for the Debtor

Bruce Dopke, Member (ARDC # 3127052)
Ronald A. Damashek (ARDC # 6183820)
Kevin V. Hunt (ARDC# 6283126)
Melissa J. Lettiere (ARDC # 6291738)
Stahl Cowen Crowley Addis, LLC
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Tel: 312-641-0060
Fax: 312-423-8189
email: bdopke@stahlcowen.com
email: rdamashek@stahlcowen.com
email: khunt@stahlcowen.com
email: mlettiere@stahlcowen.com

V 6

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| FRIENDSHIP VILLAGE OF | § | Case No.: 17-12470 |
| MILL CREEK, NFP, d/b/a | § | |
| GREENFIELDS OF GENEVA, | § | |
| | § | |
| FEIN: 20-3300991, | § | |
| | § | |
| Debtor. | § | Hon. LaShonda A. Hunt |

**INTERIM ORDER ALLOWING DEBTOR'S MOTION FOR ENTRY OF**
**ORDER (I) AUTHORIZING CONTINUED USE OF EXISTING CASH**
**MANAGEMENT SYSTEM, (II) AUTHORIZING MAINTENANCE**
**OF EXISTING BANK ACCOUNTS AND EXISTING BUSINESS FORMS,**
**AND (III) WAIVING CERTAIN INVESTMENT AND DEPOSIT REQUIREMENTS**

This matter was heard on the motion (the "Motion") filed by Friendship Village of Mill Creek, NFP, d/b/a Greenfields of Geneva, debtor and debtor in possession herein (the "Debtor") (i) authorizing the continued use of the Debtor's cash management system, (ii) authorizing maintenance of existing bank accounts and existing business forms, and (iii) waiving certain investment and deposit requirements. The Court, having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of these proceedings and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and the Court having found that the Debtor provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS ORDERED:

1.      The Motion is GRANTED on an interim basis as set forth herein.

2.      Capitalized terms used but not defined herein shall have the meanings given to them in the Motion.

3.      The final hearing date shall be _____, 2017, at __:__ _m., prevailing Central Time. Any objections or responses to the Motion shall be filed on or before _____, 2017, at 4:00 p.m., prevailing Central Time, and served on the parties, as required by the Local

EXHIBIT A - DEBTOR'S MOTION TO MAINTAIN  SYSTEMS/ACCOUNTS/FORMS

Bankruptcy Rules. The Debtor or its noticing agent are authorized and directed to send a conformed copy of this Interim Order to each party identified in paragraph 24 of the Motion, within three business days from the entry date of this Order.

4.      The Debtor is authorized to continue to use its existing Cash Management System as described in the Motion.

5.      Pursuant to section 363 of the Bankruptcy Code, the Debtor is authorized to (i) designate, maintain, and continue to use, with the same numbers, all of their Bank Accounts in existence on the Petition Date, including the Bank Accounts identified in paragraph 7 of the Motion, regardless of whether such Bank Accounts are held at Banks identified by the U.S. Trustee as authorized depository institutions; (ii) treat the Bank Accounts for all purposes as accounts of the Debtor as debtor-in-possession; and (iii) if necessary, open new accounts, wherever they are needed.

6.      There are various accounts held by the Bond Trustee for the benefit of, and in trust for, the holders of the bonds, including but not limited to, an operating reserve fund and a debt service reserve fund (all such accounts held by the Bond Trustee, the "Trustee Held Funds"). The relief granted in this Order shall not affect the Trustee Held Funds, and the Debtor is not authorized to use or access the Trustee Held Funds.

7.      The Banks at which the Bank Accounts are maintained are authorized and directed to continue to maintain, service and administer the Bank Accounts and to debt the Bank Accounts in the ordinary course of business, and to receive, process, and honor and pay any and all checks, drafts or wires that would otherwise be honored in the absence of these chapter 11 cases, drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be; provided, however, that, in addition to the requirements hereof, any checks, drafts or wires drawn or issued by the Debtor before the Petition Date shall be timely honored by any such Bank to the extent necessary to comply with any order(s) of this Court authorizing payment of certain claims, unless such Bank is instructed by the Debtor to stop payment on or otherwise dishonor such check, draft or wire.

8.      The Banks are authorized and directed to accept and honor all representations from the Debtor as to which checks, drafts or wires should be honored or dishonored consistent with any order(s) of this Court, whether the checks, drafts or wires are dated prior to, on, or subsequent to the Petition Date, and whether or not the Bank believes the payment is or is not authorized by any order(s) of this Court.

9.      Except for those checks, drafts or wires that must be honored and paid to comply with any order(s) of this Court authorizing payment of certain prepetition claims, no checks, drafts or wires issued on the Bank Accounts prior to the Petition Date, but presented for payment after the Petition Date, shall be honored or paid provided that the Debtor has issued stop payment orders with respect thereto.

10.      Nothing contained herein shall prevent the Debtor from opening any additional bank accounts, or closing any existing Bank Accounts, as they may deem necessary and appropriate, and the Banks are authorized to honor the Debtor's request to open or close, as the

case may be, such Bank Accounts or additional bank accounts; provided, however, that any new account shall be with a bank that is insured with the Federal Deposit Insurance Corporation ("FDIC") or the Federal Savings and Loan Insurance Corporation and that is organized under the laws of the United States or any State therein.

11.     The Debtor is authorized to continue to use its existing Business Forms and is not required to (a) obtain new stock reflecting their status as debtor-in-possession, or (b) print "debtor-in-possession" on any of their Business Forms or checks.

12.     Cause exists for waiving the investment and deposit requirements set forth in 11 U.S.C. § 345(b) and the Debtor's  obligation to comply with that section is hereby waived, solely with respect to the Debtor's Bank Accounts. All Banks and other financial institutions are authorized to hold or invest funds, at the Debtor's discretion, without complying with section 345(b) of the Bankruptcy Code.

13.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry.

14.     As promptly as possible, but in no event later than 2 business days after entry of this Order, the Debtors shall serve a copy of this Order on all Banks whose Bank Accounts are listed in Paragraph 7 of the Motion.

15.     All time periods set forth in this Interim Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

16.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Interim Order.

17.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Interim Order.

Dated:                                          ENTER:

                                                _____
                                                United States Bankruptcy Judge

Order prepared by:

Bruce Dopke, Member (ARDC # 3127052)
Ronald A. Damashek (ARDC # 6183820)
Kevin V. Hunt (ARDC# 6283126)
Melissa J. Lettiere (ARDC # 6291738)
Stahl Cowen Crowley Addis LLC
55 W. Monroe Street, Suite 1200

Chicago, IL 60603
Tel: 312-641-0060
Fax: 312-423-8189
email: bdopke@stahlcowen.com
email: rdamashek@stahlcowen.com
email: khunt@stahlcowen.com
email: mlettiere@stahlcowen.com

:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| FRIENDSHIP VILLAGE OF | § | Case No.: 17-12470 |
| MILL CREEK, NFP, d/b/a | § | |
| GREENFIELDS OF GENEVA, | § | |
| | § | |
| FEIN: 20-3300991, | § | |
| | § | |
| Debtor. | § | Hon. LaShonda A. Hunt |

**FINAL ORDER ALLOWING DEBTOR'S MOTION FOR ENTRY OF
ORDER (I) AUTHORIZING CONTINUED USE OF EXISTING CASH
MANAGEMENT SYSTEM, (II) AUTHORIZING MAINTENANCE
OF EXISTING BANK ACCOUNTS AND EXISTING BUSINESS FORMS,
AND (III) WAIVING CERTAIN INVESTMENT AND DEPOSIT REQUIREMENTS**

This matter was heard on the motion (the "Motion") filed by Friendship Village of Mill Creek, NFP, d/b/a Greenfields of Geneva, debtor and debtor in possession herein, to continue use and maintenance of existing bank accounts and business forms and waiving investment and deposit requirements, an Interim Order having been entered on the Motion on April __, 2017, and it appearing that a copy of that Interim Order was transmitted to such parties as was appropriate under the circumstances, the Court, having considered the record in this case, the pleadings on file and the statements of counsel in support of their respective positions, and having afforded the parties an opportunity for hearing as was appropriate under the circumstances, and being advised in the premises:

IT IS ORDERED:

1.     The Motion is GRANTED.

2.     The Provisions of the Interim Order are now effective on a final basis and are binding on the Debtor and all parties in interest to the Debtor's estate.

Dated:                                          ENTER:


                                          _____
                                          United States Bankruptcy Judge



EXHIBIT B - DEBTOR'S MOTION TO MAINTAIN SYSTEMS/ACCOUNTS/FORMS

Order prepared by:

Bruce Dopke, Member (ARDC # 3127052)
Ronald A. Damashek (ARDC # 6183820)
Kevin V. Hunt (ARDC# 6283126)
Melissa J. Lettiere (ARDC # 6291738)
Stahl Cowen Crowley Addis LLC
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Tel: 312-641-0060
Fax: 312-423-8189
email: bdopke@stahlcowen.com
email: rdamashek@stahlcowen.com
email: khunt@stahlcowen.com
email: mlettiere@stahlcowen.com

: