## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| FRIENDSHIP VILLAGE OF | § | Case No.: 17-12470 |
| MILL CREEK, NFP, d/b/a | § | |
| GREENFIELDS OF GENEVA, | § | |
| | § | Hearing: April 26, 2017 |
| FEIN: 20-3300991, | § | 1:30 p.m. |
| | § | |
| Debtor. | § | |
| | § | Hon. LaShonda A. Hunt |

### NOTICE OF MOTION OF DEBTOR'S MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (A) PROHIBITING UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES ON ACCOUNT OF PREPETITION INVOICES; (B) ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE; AND (C) GRANTING RELATED RELIEF

Please take notice that on Wednesday, April 26, 2017 at 1:30 p.m., we will appear before the Honorable LaShonda A. Hunt, Judge of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, at the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Courtroom 719, Chicago, IL 60604, or such other judge as may be sitting in Judge LaShonda Hunt's place and stead, and then and there present the "DEBTOR'S MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (A) PROHIBITING UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES ON ACCOUNT OF PREPETITION INVOICES; (B) ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE; AND (C) GRANTING RELATED RELIEF", a copy of which is attached hereto and is hereby served upon you.

Dated: April 21, 2017

**Friendship Village of Mill Creek, NFP, d/b/a GreenFields of Geneva**


By: /s/    Bruce Dopke
One of its attorneys

Bruce Dopke, Member (ARDC # 3127052)
Ronald A. Damashek (ARDC # 6183820)
Kevin V. Hunt (ARDC# 6283126)
Melissa J. Lettiere (ARDC # 6291738)
Stahl Cowen Crowley Addis LLC
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Tel: 312-641-0060, Fax: 312-423-8188
email: bdopke@stahlcowen.com
email: rdamashek@stahlcowen.com
email: khunt@stahlcowen.com
email: mlettiere@stahlcowen.com

## CERTIFICATE OF SERVICE

I, Robert Rotman, being over the age of 18 yrs, and an employee of Donlin Recano & Company, Inc. hereby certify that I caused to be served a complete and accurate copy of the **"DEBTOR'S MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (A) PROHIBITING UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES ON ACCOUNT OF PREPETITION INVOICES; (B) ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE; AND C) GRANTING RELATED RELIEF"** via Federal Express Priority Overnight delivery upon the parties as set forth in <u>Exhibit 1</u>; and via USPS Express Mail Overnight upon the parties as set forth in <u>Exhibit 2</u>.

By _____

Robert Rotman

Sworn before me this
21st day of April, 2017

_____
Notary Public

SUNG JAE KIM
NOTARY PUBLIC STATE OF NEW YORK
QUEENS COUNTY
LIC. #01KI6311176
COMM. EXP. _September 14 2017_

# EXHIBIT 1

**Friendship Village of Mill Creek, NFP**
**Federal Express**
**Exhibit Page**

04/20/2017 12:36:28 PM

| | | | |
|---|---|---|---|
| 000037P001-1366S-002<br>CENTERPOINT ENERGY<br>23968 NETWORK PLACE<br>CHICAGO IL 60673-1239 | 000023P001-1366S-002<br>DUANE MORRIS<br>PAYMENT PROCESSING CHARLIE LEWIS<br>30 SOUTH 17TH ST<br>PHILADELPHIA PA 19103-4196 | 000022P001-1366S-002<br>GREYSTONE DEVELOPMENT CO<br>BRAD STRAUB<br>225 E JOHN CARPENTER FWY<br>STE 700<br>IRVING TX 75062 | 000012P001-1366S-002<br>ILLINOIS DEPARTMENT OF HUMAN SERVICES<br>JAMES T. DIMAS SECRETARTY<br>401 SOUTH CLINTON STREET<br>CHICAGO IL 60607 |
| 000010P001-1366S-002<br>ILLINOIS DEPARTMENT OF REVENUE<br>JAMES R. THOMPSON CTR.  CONCOURSE LEVEL<br>100 WEST RANDOLPH ST.<br>CHICAGO IL 60601-3274 | 000016P001-1366S-002<br>ILLINOIS DEPT. OF FINANCIAL AND PROFESSIONAL REGUL<br>100 WEST RANDOLPH ST.<br>9TH FLOOR<br>CHICAGO IL 60601 | 000017P001-1366S-002<br>ILLINOIS DEPT. OF PUBLIC HEALTH<br>122 S. MICHIGAN AVENUE<br>7TH AND 20TH FLOORS<br>CHICAGO IL 60603 | 000018P001-1366S-002<br>ILLINOIS DEPT. OF PUBLIC HEALTH<br>69 W. WASHINGTON STREET<br>35TH FLOOR<br>CHICAGO IL 60602 |
| 000013P001-1366S-002<br>ILLINOIS FINANCE AUTHORITY<br>CHRISTOPHER B. MEISTER, EXECUTIVE DIR.<br>160 N. LASALLE ST.<br>SUITE S-1000<br>CHICAGO IL 60601 | 000005P001-1366S-002<br>Illinois Student Assistance Commission<br>Bankruptcy Department<br>1755 Lake Cook Road<br>Deerfield IL 60015 | 000014P001-1366S-002<br>MEDICAID & MEDICARE SERVICES<br>7500 SECURITY BLVD.<br>BALTIMORE MD 21244 | 000015P001-1366S-002<br>MEDICAID & MEDICARE SERVICES<br>233 NORTH MICHIGAN AVENUE<br>SUITE 600<br>CHICAGO IL 60601 |
| 000004P001-1366S-002<br>Michigan Department of Treasury<br>Tax Policy Division<br>Attn: Litigation Liaison<br>2nd Floor Austin Building<br>430 West Allegan Street<br>Lansing MI 48922 | 000019P001-1366S-002<br>Mintz, Levin, Cohn, Ferris, et al.<br>Attn: Daniel S. Bleck, Esq<br>One Financial Center<br>Boston MA 02111 | 000029P001-1366S-002<br>NAME INTENTIONALLY OMITTED<br>507 BRADBURY<br>GENEVA IL 60134 | 000030P001-1366S-002<br>NAME INTENTIONALLY OMITTED<br>623 INDEPENDENCE AVE<br>ELBURN IL 60119 |
| 000031P001-1366S-002<br>NAME INTENTIONALLY OMITTED<br>43W950 KENMAR DRIVE<br>ELBURN IL 60119 | 000032P001-1366S-002<br>NAME INTENTIONALLY OMITTED<br>1S316 REVERE HOUSE LANE<br>GENEVA IL 60134-4806 | 000007P001-1366S-002<br>OFFICE OF THE UNITED STATES TRUSTEE<br>ADAM BRIEF<br>219 S. DEARBORN ST.<br>ROOM 873<br>CHICAGO IL 60604 | 000008P001-1366S-002<br>U. S. ATTORNEY NORTHERN DISTRICT OF ILLINOIS<br>JOEL R. LEVIN<br>219 DEARBORN ST.<br>5TH FLOOR<br>CHICAGO IL 60604 |
| 000009P001-1366S-002<br>U. S. ATTORNEY NORTHERN DISTRICT OF ILLINOIS<br>JOEL R. LEVIN<br>327 CHURCH ST.<br>ROOM 3300<br>ROCKFORD IL 61101 | 000011P001-1366S-002<br>U.S. DEPT. OF HEALTH AND HUMAN SERVICES<br>200 INDEPENDENCE AVE. S.W.<br>WASHINGTON DC 20201 | 000006P002-1366S-002<br>United States Environmental Protection Agency<br>Richard L. Nagle, Bktcy. Contact<br>US EPA Region 5<br>Mail Code C-14J<br>Chicago IL 60604 | |

Records Printed :        **23**

**Friendship Village of Mill Creek, NFP**
**Federal Express**
**Exhibit Page**

Page # : 1 of 1                                                                                    04/20/2017 12:33:46 PM

000320P002-1366A-002
DUANE MORRIS
PAYMENT PROCESSING CHARLIE LEWIS
30 SOUTH 17TH ST
PHILADELPHIA PA 19103-4196

000004P001-1366A-002
KANE COUNTY TREASURER
DAVID J RICKERT
719 SOUTH BATAVIA AVE
GENEVA IL 60134

000004S001-1366A-002
KANE COUNTY TREASURER
Kane County State's Attorney's office
37W777 Route 38
SUITE 300
ST. CHARLES IL 60175

000004S002-1366A-002
KANE COUNTY TREASURER
Illinois Attorney General
Lisa Madigan
100 West Randolph Street
CHICAGO IL 60601

000005P001-1366A-002
UMB BANK NA
VIRGINIA A HOUSUM
SENIOR VICE PRESIDENT
120 SIXTH ST SOUTH
STE 1400
MINNEAPOLIS MN 55403

Records Printed :                    **5**

**Friendship Village of Mill Creek, NFP**
**Federal Express**
**Exhibit Page**

000224P001-1366A-005
CENTERPOINT ENERGY
23968 NETWORK PLACE
CHICAGO IL 60673-1239

Records Printed :          **1**

**EXHIBIT 2**

**Friendship Village of Mill Creek, NFP**
**USPS Express Mail**
**Exhibit Page**

Page # : 1 of 1                                                                04/20/2017 12:37:07 PM

000039P001-1366S-002
AT&T
BILL PAYMENT CENTER
PO BOX 5080
CAROL STREAM IL 60197

000003P001-1366S-002
Department of the Treasury
Internal Revenue Service
PO Box 7346
Philadelphia PA 19101

000001P001-1366S-002
Illinois Department of Employment Security
Benefit Payment Control Division
PO Box 4385
Chicago IL 60680-

000002P001-1366S-002
Illinois Department of Revenue
Bankruptcy Unit
PO Box 19035
Springfield IL 62794

000035P001-1366S-002
MEDIACOM LLC
PO BOX 5744
CAROL STREAM IL 60197

000033P001-1366S-002
MIDAMERICAN ENERGY COMPANY
PO BOX 8019
DAVENPORT IA 52808

000034P001-1366S-002
MILL CREEK WATER DIST
PO BOX 4290
CAROL STREAM IL 60197

000036P001-1366S-002
REPUBLIC
PO BOX 9001154
LOUISVILLE KY 40290

000038P001-1366S-002
VERIZON WIRELESS
PO BOX 25505
LEHIGH VALLEY PA 18002

Records Printed :                    **9**

**Friendship Village of Mill Creek, NFP**
**USPS Express Mail**
**Exhibit Page**

| | | | |
|---|---|---|---|
| 000223P001-1366A-005<br>AT&T<br>BILL PAYMENT CENTER<br>P.O. BOX 5080<br>CAROL STREAM IL 60197 | 000225P001-1366A-005<br>COMED<br>P.O. BOX 6111<br>CAROL STREAM IL 60197 | 000226P001-1366A-005<br>MEDIACOM LLC<br>PO BOX 5744<br>CAROL STREAM IL 60197 | 000227P001-1366A-005<br>MIDAMERICAN ENERGY COMPANY<br>P.O. BOX 8019<br>DAVENPORT IA 52808 |
| 000228P001-1366A-005<br>MILL CREEK WATER DIST<br>P.O. BOX 4290<br>CAROL STREAM IL 60197 | 000229P001-1366A-005<br>NICOR GAS<br>BILL PAYMENT CENTER<br>P.O. BOX 5407<br>CAROL STREAM IL 60197 | 000457P001-1366A-005<br>REPUBLIC SVC<br>PO BOX 9001154<br>LOUISVILLE KY 40290 | 000230P001-1366A-005<br>VERIZON WIRELESS<br>P.O. BOX 25505<br>LEHIGH VALLEY PA 18002 |

Records Printed :                         **8**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| FRIENDSHIP VILLAGE OF | § | Case No.: 17-12470 |
| MILL CREEK, NFP, d/b/a | § | |
| GREENFIELDS OF GENEVA, | § | |
| | § | |
| FEIN: 20-3300991, | § | |
| | § | |
| Debtor. | § | Hon. LaShonda A. Hunt |

**DEBTOR'S MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (A)
PROHIBITING UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING
SERVICES ON ACCOUNT OF PREPETITION INVOICES; (B) ESTABLISHING
PROCEDURES FOR DETERMINING REQUESTS FOR ADDITIONAL ADEQUATE
ASSURANCE; AND (C) GRANTING RELATED RELIEF**

Friendship Village of Mill Creek, NFP, d/b/a GreenFields of Geneva (the "Debtor"),

debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Bankruptcy Case"),

respectfully states as follows in support of this motion (the "Motion") requesting an order from

this Court (the "Bankruptcy Court"): (A) prohibiting utilities from altering, refusing, or

discontinuing services on account of prepetition invoices, (B) establishing procedures for

determining requests for additional adequate assurance, and (C) granting related relief.

**Relief Requested**

1.      By this Motion, the Debtor seeks entry of an interim order (a "Interim Order")

and a final order (a "Final Order"), substantially in the forms that were electronically filed with

the Clerk as an attachment to the Motion: (a) prohibiting utility companies (each a "Utility

Company," and collectively, the "Utility Companies") from altering, refusing, or discontinuing

services to the Debtor, pending entry of a Final Order granting the relief requested in this

Motion; (b) determining that the Utility Companies are adequately assured of payment; (c)

1

establishing procedures concerning requests for additional assurance; and (d) granting certain related relief.

## Background, Jurisdiction, and Venue

1.      The Debtor owns and operates a continuing care retirement community ("CCRC"), located in Geneva, Illinois, known as GreenFields of Geneva (the "Campus"). The Campus is improved with a building which includes (i) 147 independent living units, (ii) 51 assisted living units, (iii)  26 memory support assisted living units, (iv) 43 nursing beds, and (v) related common areas and parking. Approximately 270 senior citizens reside at the Campus.

2.      The Debtor filed this Case on April 20, 2017 (the "Petition Date"). The Debtor is continuing in possession of the Campus and is operating and managing its business as a debtor-in-possession, pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner in this Case, and no committees have been appointed or designated.

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2). Venue is appropriate pursuant to 28 U.S.C. 1408 and 1409.

## Basis for Relief

4.      The statutory basis for the relief requested herein is section 366 of the Bankruptcy Code.

## Facts Specific to Relief Requested

### I.      The Utility Providers

5.      In connection with the operation of their business, the Debtor incurs utility expenses for water, sewer service, electricity, gas, cable, internet, telephone, waste disposal and other similar utility services (collectively, the "Utility Services") provided by various Utility

Providers (as such term is used in section 366 of the Bankruptcy Code), including those identified on **Exhibit 1** to the Interim Order and the Final Order (the "Utility Service List").[1/] The Utility Providers service The Campus and, on average, the Debtor spends approximately $11,000.00 each month on utility costs. A summary of average monthly utility payments made by the Debtor to the Utility Companies is listed on **Exhibit 1** to the Interim Order and the Final Order. The Debtor estimates that its postpetition use of the Utility Companies' services will remain approximately at the same levels, although seasonal effects and variations in the prices of such services may result in variations in the Debtor's average monthly utility expenses.

6.     Uninterrupted Utility Services are critical to the Debtor's ability to sustain their operations during the pendency of this chapter 11 case. Any interruption in the Utility Services, however slight, would jeopardize the Debtor's ability to operate their business and the safety and comfort of the Debtor's residents, as well as the Debtor's efforts in this case to either sell or transfer the Campus or reorganize its obligations.

**II.     The Proposed Adequate Assurance**

7.     As of the Petition Date, the Debtor is current in its payments to all Utility Companies currently providing Utility Services to the Debtor. Currently, there are no deposits being held by the Utility Companies. The Debtor estimates that it has accrued but not paid utility obligations for parts of the months of March and April 2017 approximately equal to the Debtor's monthly average. These payments will come due within the first 21 days after the Petition Date, and the Debtor intends to make such payments in the ordinary course of business.

---

[1/]     Although the Debtor believes that the Utility Service List includes all of their Utility Providers, the Debtor reserves the right to supplement the Utility Service List, without the need for further order of the Court, if any Utility Provider has been omitted. The relief requested herein is applicable to all Utility Providers and is not limited to those Utility Providers listed on the Utility Service List. Additionally, the listing of an entity on the Utility Service List is not an admission that such entity is a utility within the meaning of section 366 of the Bankruptcy Code, and the Debtor reserves the right to contest any such characterization in the future.

8.      The Debtor proposes to provide a deposit equal to two weeks of Utility Service to any Utility Company requesting such a deposit in writing (a "Request"), provided that such requesting Utility Company (each a "Requesting Utility" and collectively, the "Requesting Utilities") is not the beneficiary of an escrow or other security arrangement, or that such Utility Company is not currently paid in advance for its services. Within 10 business days of receiving a Request for assurance of payment from a Requesting Utility, the Debtor shall provide each such Requesting Utility with a deposit (the "Adequate Assurance Deposit") in an amount calculated as the average seasonal cost to the Debtor of two weeks of Utility Service from such Requesting Utility. The right to a return of any Adequate Assurance Deposit shall be subject to the liens held by UMB Bank, National Association, as successor indenture trustee and master trustee (the "Bond Trustee").

9.      If a Utility Company requires an Adequate Assurance Deposit, it must serve the Request on: the Debtor, Friendship Village of Mill Creek, NFP, 350 West Schaumburg Road, Schaumburg, IL 60194, notice@myfso.org; and counsel to the Debtor, Stahl Cowen Crowley Addis LLC, Attention: Bruce Dopke, Esq., 55 West Monroe Street, Suite 1200, Chicago, IL 60603, email: bdopke@stahlcowen.com.

10.     As a condition of accepting an Adequate Assurance Deposit, the Requesting Utility shall be deemed to have stipulated that the Adequate Assurance Deposit constitutes adequate assurance of future payment to such Utility Company within the meaning of section 366 of the Bankruptcy Code, and shall further be deemed to have waived any right to seek additional adequate assurance during the course of the Debtor's chapter 11 case. To the extent not necessary to pay for Utility Services due to a failure to pay, the Adequate Assurance Deposits shall be subject to further order of the Bankruptcy Court.

11.      The Debtor submits that the Adequate Assurance Deposits, in conjunction with the Debtor's ability to pay for future utility services in the ordinary course of business (collectively the "Proposed Adequate Assurance"), constitutes sufficient adequate assurance to the Utility Companies. If any Utility Company believes that the Proposed Adequate Assurance is insufficient, it may request additional assurance pursuant to the procedures set forth more fully below.

**III.     The Proposed Adequate Assurance Procedures**

12.      The Debtor submits that the Proposed Adequate Assurance is reasonable and protects the rights of the Utility Companies in accordance with the Bankruptcy Code. If, however, a Utility Company is not satisfied with the Proposed Adequate Assurance, the Debtor proposes the following procedures for seeking additional adequate assurance (the "Additional Adequate Assurance Procedures"):

a.      If a Utility Company does not believe that the Proposed Adequate Assurance is sufficient (the "Objecting Utility"), it shall contact the Debtor to attempt to resolve its request but shall have 14 days from entry of the Interim Order to file a notice with the Court requesting a hearing on additional adequate assurance.

b.      If the Debtor and the Objecting Utility do not come to an agreement on Additional Adequate Assurance, the Court shall hold a hearing to determine whether the Objecting Utility is entitled to additional adequate assurance.

c.      In the event that no Objecting Utility files a notice seeking additional adequate assurance within 14 days from entry of the Interim Order, then the Interim Order shall become the Final Order without the need for a further hearing.

**IV.     Subsequent Modifications**

13.      The Debtor has made an extensive and good faith effort to identify the Utility Companies and include them on the Utility Service List. Nonetheless, certain Utility Companies may not yet have been identified by the Debtor or included on the Utility Service List. To the extent that the Debtor identifies additional Utility Companies each an "Additional Utility

5

Company," and collectively, the "Additional Utility Companies"), the Debtor will file

amendments to the Utility Service List and shall serve copies of the Interim and/or Final Order

(if and when entered) on such Additional Utility Company. The Debtor requests that the Interim

and Final Orders be binding on all Utility Companies, regardless of when such Utility Company

is designated as an Additional Utility Company.

14.    The Debtor further requests that the Court prohibit all Utility Providers, including

subsequently added Utility Providers, from refusing, discontinuing, or otherwise altering utility

services to the Debtor absent further order of the Court.

### Basis for Relief

15.    Sections 366(a) and 366(b) of the Bankruptcy Code together prevent utility

companies from altering, refusing, or discontinuing service to a debtor during the first 20 days of

a chapter 11 case. Section 366(c) of the Bankruptcy Code requires a debtor to provide "adequate

assurance" of payment for post-petition services in a form "satisfactory" to the utility company

within 30 days of the Petition Date, or the utility company may alter, refuse, or discontinue

service. 11 U.S.C. § 366(c)(2). Section 366(c)(1) of the Bankruptcy Code enumerates what

constitutes "assurance of payment." 11 U.S.C. § 366(c)(1).[2] Although assurance of payment

must be "adequate," it need not constitute an absolute guarantee of the debtor's ability to pay.

*See In re Caldor, Inc.*, 199 B.R. 1, 3 (S.D.N.Y. 1996) ("Section 366(b) requires ... 'adequate

assurance' of payment. The statute does not require an absolute guarantee of payment." (citation

omitted)), *aff'd sub nom. Va. Elec. & Power Co. v. Caldor, Inc.*, 117 F.3d 646 (2d Cir. 1997).

---

[2]       Under section 366(c) of the Bankruptcy Code, "adequate assurance of payment" for postpetition utility
services consists of "(i) a cash deposit, (ii) a letter of credit, (iii) a certificate of deposit, (iv) a surety bond, (v) a
prepayment of utility consumption, or (vi) another form of security that is mutually agreed on between the utility
and debtor or the trustee." 11 U.S.C. § 366(c)(1)(A).

16.     When considering whether a given assurance of payment is "adequate," the Court

should "examin[e] the totality of the circumstances to make an informed judgment as to whether

or not the utilities would be subject to an unreasonable risk of payment." *In re Adelphia Bus.*

*Solutions, Inc., 280 B.R. 63, 82-83* (Bankr. S.D.N.Y. 2002). In determining the level of adequate

assurance, however, "a bankruptcy court must focus upon the need of the utility for assurance,

and ... require that the debtor supply no more than that, since the debtor almost perforce has a

conflicting need to conserve scarce financial resources." *Va. Elec. & Power Co*., 117 F.3d at 650

(internal quotation marks omitted) (citing *In re Penn Jersey Corp*., 72 B.R. 981, 985 (Bankr.

E.D. Pa. 1987)).

17.     The Debtor's Proposed Adequate Assurance for post-petition Utility Services

complies with section 366 of the Bankruptcy Code, is not prejudicial to the rights of any Utility

Company, and is in the best interests of the Debtor's estate. *See In re Monroe Well Serv., Inc*., 83

B.R. 317, 321–22 (Bankr. E.D. Pa. 1988) (noting that without utility services the debtors "would

have to cease operations" and that section 366 of the Bankruptcy Code "was intended to limit the

leverage held by utility companies, not increase it").

18.     Under the circumstances of this case, the Debtor believes that the Proposed

Adequate Assurance constitutes adequate assurance of payment under section 366(c) of the

Bankruptcy Code. Importantly, several courts in this District and other districts have approved

similar procedures in other chapter 11 cases. *See, e.g., In re Timothy Place, NFP*, Case No. 16-

1336 (JPC) (Bankr. N.D. Ill. Feb 17, 2016); *In re ITR Concession Co. LLC*, No. 14-34284 (PSH)

(Bankr. N.D. Ill. Sept. 23, 2014); *In re SGK Ventures, LLC (f/k/a Keywell L.L.C.*), No. 13-37603

(ERW) (Bankr. N.D. Ill. Oct. 16, 2013); *In re Edison Mission Energy*, No. 12-49219 (JPC)

(Bankr. N.D. Ill. Jan. 17, 2013); *See In re Ryan Int'l Airlines*, No. 12-80802 (TML) (Bankr. N.D.

Ill. Mar. 7, 2012); *In re Hartford Computer Hardware*, No. 11-49744 (PSH) (Bankr. N.D. Ill.

Dec. 15, 2011); *In re Franciscan Cmtys. St Mary of the Woods, Inc*., No. 11-19865 (Bankr. N.D.

Ohio Nov. 23, 2011); *In re Gas City, Ltd*., No. 10-47879 (ERW) (Bankr. N.D. Ill. Nov. 19,

2010); *In re Bucyrus Cmty. Hosp., Inc*., No. 10-61078 (Bankr. N.D. Ohio Mar. 19, 2010); *In re

Forum Health*, No. 09-40795 (Bankr. N.D. Ohio Mar. 18, 2009).

### Bankruptcy Rules 6004(a) and 6004(h)

19.     To implement the foregoing successfully, the Debtor requests that the Court enter

an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a)

and that the Debtor has established cause to exclude such relief from the 14-day stay period

under Bankruptcy Rule 6004(h).

### Reservation of Rights

20.     Nothing herein is intended or shall be construed as (a) an admission as to the

validity of any claim against the Debtor, (b) a waiver of the rights of the Debtor or any party in

interest to dispute, contest, setoff, or recoup any claim, or assert any rights, claims, or defenses

related thereto, (c) a promise or requirement to pay any claim against the Debtor, (d) an

implication or admission that any particular claim against the Debtor is of a type specified or

defined in this Motion, (e) an approval or assumption of any agreement, contract, program,

policy, or lease under section 365 of the Bankruptcy Code, or (f) a waiver of the Debtor's rights

under the Bankruptcy Code or any other applicable law. The Debtor reserves all of its rights with

respect thereto.

### Notice

21.     No trustee, examiner or official committee has been appointed in these chapter 11

cases. Notice of this Motion has been served on the following parties or, in lieu thereof, to their

counsel, if known: (i) the United States Trustee for the Northern District of Illinois; (ii) the

United States Attorney for the Northern District of Illinois; (iii) counsel for the Bond Trustee;

(iv) the Debtor's secured creditors; (v) the Internal Revenue Service; (vi) the Illinois Department

of Revenue; (vii) the United States Department of Health and Human Services; (viii) the Illinois

Department of Human Services; (ix) the Illinois Finance Authority; (x) the Centers for Medicare

and Medicaid Services; (xi) the Illinois Department of Financial and Professional Regulation;

(xii) the Illinois Department of Public Health; (xiii) the holders of the twenty largest unsecured

claims against the Debtor; (xiv) those who have formally appeared and requested service in these

proceedings pursuant to Bankruptcy Rule 2002; and (xv) the Utility Companies. In light of the

nature of the relief requested herein, the Debtor submits that no other or further notice need be

given.

## No Prior Request

22.    No prior request for the relief sought in the Motion has been made to this or any

other Court.

23.    The Debtor requests that the Court set the Motion for a final hearing, and require

that any Utility Company which objects to the Motion or any part of the relief sought herein

must file that Objection in writing and serve a copy of that Objection on the Notice Parties on a

date certain which is at least two business days prior to the final hearing on the Motion.

[Intentionally blank]

WHEREFORE, the Debtor respectfully requests that this Court grant to the Debtor (a) the relief requested in this Motion and in the Proposed Order(s) which were electronically filed with the Clerk in connection with this Motion, including all substantive and procedural relief requested in those documents; (b) to the extent required, that the Court shorten and restrict the notice of the initial hearing on this Motion to the date and time (and to the parties) who received such notice of the initial hearing, as reflected in the certificate of service to the notice of motion which is appended hereto; and (c) for such other relief as the Court deems appropriate under the circumstances.

Dated: April 21, 2017                    FRIENDSHIP VILLAGE OF MILL
                                         CREEK, NFP, Debtor and Debtor In
                                         Possession


                                By:    /s/ Bruce Dopke_____
                                       Proposed counsel for the Debtor


Bruce Dopke, Member (ARDC # 3127052)
Ronald A. Damashek (ARDC # 6183820)
Kevin V. Hunt (ARDC# 6283126)
Melissa J. Lettiere (ARDC # 6291738)
Stahl Cowen Crowley Addis LLC
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Tel: 312-641-0060
Fax: 312-423-8189
email: bdopke@stahlcowen.com
email: rdamashek@stahlcowen.com
email: khunt@stahlcowen.com
email: mlettiere@stahlcowen.com

V 6